Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
T: (619) 233-7770
F: (619) 297-1022

Attorneys for Augustin R. Rodriguez

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Augustin R. Rodriguez,<br><br>                    Plaintiff,<br><br>v.<br><br>Portfolio Recovery Associates, LLC and Chase Bank USA, N.A.,<br><br>                    Defendants. | **Case No:** '14CV0180 DMS BGS<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Augustin R. Rodriguez, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Portfolio Recovery Associates, LLC ("Portfolio") and Chase Bank USA, N.A. successor in interest to Providian Financial ("Chase"), ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

///

HYDE & SWIGART
San Diego, California

**JURISDICTION AND VENUE**

8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Defendants attempted to collect debt that was not owed from Plaintiff in violation of the FDCPA and Rosenthal Act in San Diego County.

11. Plaintiff is a natural person who resides in the City of Encinitas, in the State of California.

12. A substantial part of the events or omissions giving rise to the claim occurred in San Diego County against Plaintiff who resides in the City of Encinitas, in the State of California, and therefore venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

13. Defendant Portfolio regularly operates within the county of San Diego and files hundreds of lawsuits, including one against Plaintiff in the San Diego Superior Court. This lawsuit is the action that gives rise to Plaintiff's claim.

14. Because Defendant Portfolio does business and has the capacity to sue within the State of California, personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

15. At all times relevant, Defendant Portfolio conducted business within the County of San Diego, the State of California.

16. Because Defendant Chase does business within the State of California, personal jurisdiction is established.

17. Additionally, Defendant Chase regularly operates throughout San Diego, California, by maintaining many branch locations as well as filing lawsuits in

1  San Diego, California and therefore venue is also proper pursuant to 28

2  U.S.C. § 1391(b)(1)&(c)(2).

3  18.  At all times relevant, Defendant Chase conducted business within the State of

4  California.

5  **PARTIES**

6  19.  Plaintiff is a natural person who resides in the City of Encinitas, in the State

7  of California.

8  20.  Plaintiff is 69 years of age.

9  21.  Defendant Portfolio is located in the City of Norfolk, in the State of Virginia.

10  22.  Defendant Chase is located in the City of Wilmington, in the State of

11  Delaware.

12  23.  Defendants are persons who use an instrumentality of interstate commerce or

13  the mails in a business the principal purpose of which is the collection of

14  debts, or who regularly collect or attempt to collect, directly or indirectly,

15  debts owed or due or asserted to be owed or due another and are therefore

16  debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17  24.  Plaintiff is a natural person from whom a debt collector sought to collect a

18  consumer debt which was due and owing or alleged to be due and owing from

19  Plaintiff, and is a "debtor" as that term is defined by California Civil Code §

20  1788.2(h).

21  25.  Defendants, in the ordinary course of business, regularly, on behalf of

22  themselves, or others, engage in debt collection as that term is defined by

23  California Civil Code § 1788.2(b), are therefore debt collectors as that term is

24  defined by California Civil Code § 1788.2(c).

25  26.  This case involves money, property or their equivalent, due or owing or

26  alleged to be due or owing from a natural person by reason of a consumer

27  credit transaction.   As such, this action arises out of a consumer debt and

28  "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

HYDE & SWIGART
San Diego, California

**FACTUAL ALLEGATIONS**

27. Plaintiff is 69 years old and a senior citizen as as defined by Cal.Civ.Code §1761(f).

28. During all relevant times referenced in this complaint, Defendants knew or should have known that Plaintiff was a senior citizen consistent with the definition provided in Cal.Civ.Code §1761(f).

29. Because this case has been filed to redress unfair or deceptive acts or practices or unfair methods of competition on the part of Defendants, in the event Defendants are found liable for their conduct or omissions, all Defendants are liable for treble damages pursuant to Cal Civ Code § 3345.

*Plaintiff Settles His Account*

30. Sometime before December 27, 2002, Plaintiff is alleged to have incurred certain financial obligations to Providian (predecessor to Chase) for an alleged credit card debt.

31. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

32. Because this alleged debt was money, property or their equivalent which was due or owing or alleged to be due or owing from a natural person to another person, the alleged debt was a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d).

33. On or about December 27, 2002, Plaintiff negotiated a settlement in full on the alleged balance of $2,696.00 with Providian (predecessor to Chase), for a one time payment of $921.00 if payment was made on or before December 31, 2002 to Providian.

34. This settlement was memorialized in a letter from Providian (predecessor to Chase) dated December 27, 2002.

HYDE & SWIGART
San Diego, California

35. Plaintiff followed through with the settlement and paid the $921.00 on December 27, 2002 to Providian (predecessor to Chase).

36. Sometime thereafter, Plaintiff received a confirmation from Providian (predecessor to Chase) of the $921.00 payment in a letter dated December 27, 2002.

37. Plaintiff believed the matter with Providian to be completely resolved after he paid the settlement amount and received a confirmation.

*Failure to Update Records*

38. After payment, Providian (predecessor to Chase) failed to reflect the settlement in full and closure of the account.

39. Providian's (predecessor to Chase) records still reflected that Plaintiff had an alleged debt.

40. Plaintiff does not owe this alleged debt.

41. Providian, failed to maintain proper records of the settlement, which led the account to be reflected as open and in default.

42. Through this conduct, Providian (predecessor to Chase) used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

43. Through this conduct, Providian (predecessor to Chase) was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

44. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

HYDE & SWIGART
San Diego, California

45.  Subsequently, Chase purchased, or otherwise acquired Providian along with all of Providian's assets and liabilities, including any potential claims against Providian for violations of the FDCPA and/or California's Rosenthal Act.

46.  Chase acquired Plaintiff's alleged debt while in default and as a result Chase is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code § 1788.2(c).

47.  Chase continued to reflect the account as in default and attempt to collect on the alleged debt.

48.  Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

49.  Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law.  Consequently, Defendant violated 15 U.S.C. § 1692f(1).

50.  Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

51.  Subsequently, but before October 12, 2006, the alleged debt was assigned, placed, or otherwise transferred, by Chase (successor to Providian) to Defendant Portfolio for collection .

52.  On or about October 12, 2006, Defendant Portfolio filed a state court collection case in the San Diego Superior Court, Case No. IN056234, which alleged that Plaintiff owed $3,706.51 to Defendant Portfolio for the same alleged account from Chase (successor to Providian).

53.  Through this conduct, Defendant Portfolio was collecting an amount (including any interest, fee, charge, or expense incidental to the principal

1    obligation) when such amount was not expressly authorized by the agreement

2    creating the debt or permitted by law.   Consequently, Defendant Portfolio

3    violated 15 U.S.C. § 1692f(1).

4    54.   Defendant Portfolio failed to conduct even the most cursory review of this

5          alleged debt before filing a lawsuit to collect on this alleged debt.

6    55.   Through this conduct, Defendant  Portfolio used an unfair or unconscionable

7          means to collect or attempt to collect any debt.   Consequently, Defendant

8          Portfolio violated 15 U.S.C. § 1692f.

9    56.   Through this conduct, Defendant Portfolio used false representations or

10         deceptive means to collect or attempt to collect a debt or to obtain information

11         concerning a consumer.   Consequently, Defendant Portfolio violated 15

12         U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

13   57.   Subsequently, on or about October 30, 2006, Defendant Portfolio filed a false

14         proof of service of summons, which claimed that Plaintiff had been served at

15         a fictional address.

16   58.   Defendant Portfolio lied to the court in an attempt to collect on the alleged

17         debt by failing to give Plaintiff proper notice of the lawsuit and improperly

18         obtaining a default judgement on an account that was not owed.

19   59.   Through this conduct, Defendant Portfolio used false representations or

20         deceptive means to collect or attempt to collect a debt or to obtain information

21         concerning a consumer.   Consequently, Defendant Portfolio violated 15

22         U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

23   60.   Through this conduct, Defendant Portfolio used an unfair or unconscionable

24         means to collect or attempt to collect any debt.   Consequently, Defendant

25         Portfolio violated 15 U.S.C. § 1692f.

26   61.   Thereafter, Defendant Portfolio requested and was granted a default judgment

27         against Plaintiff in the amount of $4,253.83 even though Defendant Portfolio

28         knew Plaintiff was improperly served at an address that did not exist.

HYDE & SWIGART
San Diego, California

62.  Subsequently, on or about February 6, 2013, Defendant Portfolio requested and was granted a writ of execution, which Defendant Portfolio used to subsequently levy Plaintiff's bank account even though Plaintiff was never provided any notice of the pending lawsuit for a debt that was not owed.

63.  Plaintiff never found out about the lawsuit or any of the actions or events leading up the lawsuit, until May of 2013 when his bank account was levied by Defendant Portfolio.

64.  Plaintiff took action to investigate the issue and has since filed a motion to set aside the default judgment against him in the San Diego Superior Court.

65.  During Plaintiff's investigation of the underlying state court case after his account was levied, he was denied a refinance of his home mortgage that would have saved him hundreds of dollars a month because of the improper default judgement against Plaintiff by Defendant Portfolio.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

## CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.
### [AS TO PORTFOLIO RECOVERY ASSOCIATES ONLY]

66. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

67. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

68. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32
### [AGAINST CHASE ONLY]

69. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

71. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's

fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- Treble damages pursuant to Cal. Civ. Code § 3345 against each Defendant.

72. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: January 16, 2014                    By: /s/Jessica R. K. Dorman
                                          Jessica R. K. Dorman
                                          Attorneys for Plaintiff